UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF A DEPOSITION SUBPOENA SERVED IN:<br><br>In re MTE Holdings LLC, *et al.*,[1] pending in the United States Bankruptcy Court for the District of Delaware, Case No. 19-12269 (CSS) | Misc. No._____ |
| Angelo, Gordon & Co., L.P.,<br><br>                    Movant<br><br>v.<br><br>MTE Holdings LLC,<br><br>                    Respondent | |

**ANGELO GORDON & CO., L.P.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
QUASH MTE HOLDINGS LLC'S AND ITS AFFILIATE DEBTORS'
<u>DEPOSITION SUBPOENA DIRECTED TO ANGELO GORDON & CO., L.P.</u>**

---

[1] The debtors in the chapter 11 cases pending in the United States Bankruptcy Court for the District of Delaware under Case No. 19-12269 (CSS), along with the last four digits of each debtor's federal tax identification number, are: MTE Holdings LLC ("<u>MTE</u>") (7894); MTE Partners LLC (1158); Olam Energy Resources I LLC (0770); MDC Energy LLC ("<u>MDC</u>") (9140); MDC Texas Operator LLC (1087); Ward I, LLC (6817); and MDC Reeves Energy LLC (3644) (collectively, the "<u>Debtors</u>"). The Debtors' address is 280 East 96th Street, Suite 210, Indianapolis, Indiana 46240.

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1
BACKGROUND ............................................................................................................................ 2
ARGUMENT .................................................................................................................................. 5
A.     The Deposition Subpoena is Facially Defective and Must Be Quashed ........................... 5
      1.     The Deposition Subpoena Demands the Production of a Witness More Than 100 Miles from Where Angelo Gordon Resides .......................................... 5
      2.     The Debtors Failed to Tender Witness Fees When Serving the Deposition Subpoena ................................................................................................................ 6
      3.     The Deposition Subpoena Fails to Allow a Reasonable Time to Comply ............ 7
      4.     The Deposition Subpoena is Directed to the Incorrect Party ................................ 8
      5.     The Debtors will Suffer no Prejudice from the Deposition Subpoena Being Quashed .................................................................................................................. 8
B.     The Deposition Subpoena is Unduly Burdensome and Should be Quashed ..................... 8
C.     Cost-Shifting is Appropriate under these Circumstances and Should be Granted .......... 11
CONCLUSION ............................................................................................................................. 12

# **TABLE OF AUTHORITIES**

Page

**CASES**

*Brown v. Hendler*,
　2011 WL 321139 (S.D.N.Y. Jan. 31, 2011) ...........................................................................7

*Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.*,
　2015 WL 728463 (S.D.N.Y. Feb. 19, 2015) ..........................................................................6

*Icon Compliance Servs., LLC v. Port Auth. of New York & New Jersey*,
　2015 WL 783377 (S.D.N.Y. Feb. 24, 2015) ..........................................................................6

*In re Blackstone Partners, L.P.*,
　2005 WL 1560505 (S.D.N.Y. July 1, 2005) ....................................................................9, 12

*In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*,
　2010 WL 2219343 (E.D.N.Y. Feb. 5, 2010) .........................................................................7

*In re Subpoena Issued to Dennis Friedman*,
　350 F.3d 65 (2d Cir. 2003) ....................................................................................................8

*Jones v. Hirschfeld*,
　219 F.R.D. 71 (S.D.N.Y. 2003) ...........................................................................................10

*Molefi v. Oppenheimer Trust*,
　2007 WL 538547 (E.D.N.Y. Feb. 15, 2007) .......................................................................11

*Night Hawk Ltd. v. Briarpatch Ltd.*,
　L.P., 2003 WL 23018833 (S.D.N.Y. Dec. 23, 2003) ...........................................................11

*Precourt v. Fairbank Reconstruction Corp.*,
　2011 WL 1753985 (D.S.D. May 5, 2011) ...........................................................................11

*Tottenham v. Trans World Gaming Corp.*,
　No. 00 Civ. 7679, 2002 WL 1967023 (S.D.N.Y. June 21, 2002) ..........................................9

*United States v. Berrios*,
　501 F.2d 1207 (2d Cir. 1974) ................................................................................................9

*Usov v. Lazar*,
    2014 WL 4354691 (S.D.N.Y. Sept. 2, 2014) .................................................................6

**STATUTES**

11 U.S.C. § 1104(a) ...........................................................................................................3

**RULES**

Fed. R. Civ. P. 26(b)(1) .....................................................................................................9

Fed. R. Civ. P. 45 ..............................................................................................................5

Fed. R. Civ. P. 45 ............................................................................................................11

Fed. R. Civ. P. 45(b)(1) .....................................................................................................6

Fed. R. Civ. P. 45(c) ..........................................................................................................6

Fed. R. Civ. P. 45(c)(1)(A) ............................................................................................5, 6

Fed. R. Civ. P. 45(c)(2)(B) ................................................................................................7

Fed. R Civ. P. 45(d) ........................................................................................................12

Fed. R. Civ. P. 45(d)(1) ...............................................................................................8, 11

Fed. R. Civ. P. Rule 45(d)(3) ............................................................................................1

Fed. R. Civ. P. 45(d)(3)(A)(i) ............................................................................................7

Fed. R. Civ. P. 45(d)(3)(A)(ii) ...........................................................................................6

Movant, Angelo, Gordon & Co., L.P. ("Angelo Gordon"), files this memorandum of law in support of its Motion, pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, requesting that this Court (i) quash a deposition subpoena (attached as Ex. 1, the "Deposition Subpoena")[2] issued in connection with the Debtors' chapter 11 cases pending in the United States Bankruptcy Court for the District of Delaware (the "Issuing Court" or the "Delaware Bankruptcy Court"), (ii) order the reimbursement of Angelo Gordon's costs, including counsel fees, incurred in relation to this Motion, and (iii) grant such other relief as the Court deems just and proper.

## PRELIMINARY STATEMENT[3]

On Friday, January 10, 2020, the Debtors in chapter 11 bankruptcy proceedings pending before the Delaware Bankruptcy Court served the Deposition Subpoena on Angelo Gordon demanding that a corporate representative sit for a deposition on Tuesday, January 14, 2020, in Wilmington, Delaware. The Deposition Subpoena is facially defective because (i) it demands that a representative of Angelo Gordon sit for a deposition more than 100 miles from where Angelo Gordon is located; (ii) it fails to give Angelo Gordon reasonable time to comply with the subpoena; and (iii) there is no evidence that the Deposition Subpoena was served with the requisite witness fee. Each of these facial defects mandate that the Deposition Subpoena be quashed.

Additionally, the Deposition Subpoena is unduly burdensome on Angelo Gordon, who is not a creditor of the Debtors, nor is it a party to any contested matter or adversary proceeding in the Chapter 11 Cases, including the Chapter 11 Trustee Motions. Indeed, the deposition topics

---

[2]  References to Exhibits are those exhibits annexed to the Declaration of Furqaan Siddiqui, submitted herewith.

[3]  Capitalized terms used in this Preliminary Statement and not otherwise defined have the meanings given to them later in this Motion.

largely seek information wholly irrelevant to those pending motions. Debtors' counsel are experienced federal court practitioners, well versed in the federal and bankruptcy rules, yet have served this facially deficient subpoena in a transparent attempt to harass Angelo Gordon. Despite the fact that discovery has been proceeding in the Chapter 11 Cases since mid-December, this Deposition Subpoena was issued at the eleventh hour and only after an affiliate of Angelo Gordon—AG Energy—attended a deposition of a representative of the Debtors. Despite the Debtors being well aware of AG Energy's status as a creditor to the Debtors, no discovery had been sought until after AG Energy's counsel attempted to observe a deposition. As such, it is clear that the discovery sought from non-party Angelo Gordon has no legitimate purpose and is solely intended to harass Angelo Gordon. Such tactics should not be permitted.

Finally, Angelo Gordon advised Debtors' counsel of the defects in the Deposition Subpoena and demanded that it be withdrawn before filing this Motion. Debtors' counsel refused. Consequently, Angelo Gordon should also be granted costs, including attorneys' fees, associated with making this Motion.

## BACKGROUND

On October 22, 2019, October 23, 2019, and November 8, 2019, respectively, each of the Debtors commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware. On November 15, 2019, the Court entered an order jointly administering the Debtors' chapter 11 cases under the case of MTE Holdings LLC, Case No. 19-12269 (CSS) (the "Chapter 11 Cases"). The Debtors' operations primarily consist of oil and gas exploration, development and production in the Permian Basin in Texas.

Angelo Gordon is not a creditor of the Debtors, nor is it a party to any contested matter or adversary proceeding in the Chapter 11 Cases. An affiliate of movant Angelo Gordon,

2

AG Energy Funding, LLC ("AG Energy"), is one of several lenders under a Term Loan Credit Agreement, dated as of September 17, 2018, among one of the Debtors in the Chapter 11 Cases, MTE, as borrower, Riverstone Credit Management LLC ("Riverstone"), as administrative agent, and each lender from time to time party thereto (the "Credit Agreement").

Shortly after the commencement of the Chapter 11 Cases, in mid-November 2019, a number of stakeholders filed motions seeking the appointment of a chapter 11 trustee pursuant to section 1104(a) of the Bankruptcy Code to replace the Debtors' current management (collectively, the "Chapter 11 Trustee Motions"). *See* Exs. 10-11. Section 1104(a) of the Bankruptcy Code authorizes the appointment of a trustee in a chapter 11 case in two circumstances:

> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause []; or
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate[].

11 U.S.C. § 1104(a). As detailed in the Chapter 11 Trustee Motions, the appointment of a chapter 11 trustee is warranted on the basis that the Debtors' management has exhibited fraud, dishonesty and incompetence, both before and after the commencement of the Chapter 11 Cases, and because the appointment of a chapter 11 trustee is in the best interests of creditors and all equity holders. *See, e.g.*, Ex. 10, at 2-3; Ex. 11, ¶¶ 1-2, 7.

In connection with the Chapter 11 Trustee Motions, the Delaware Bankruptcy Court scheduled a hearing to commence on January 17, 2020. In mid-December 2019, the Debtors commenced discovery against Riverstone and other parties to the Chapter 11 Trustee Motions. Notwithstanding the Debtors' knowledge of AG Energy's role as a lender under the Credit Agreement since the very outset, the Debtors did not seek any discovery from AG Energy until

Friday, January 10, 2020, only days before the hearing on the Chapter 11 Trustee Motions is scheduled to commence. As a result of this self-created urgency, the Debtors have demanded that Angelo Gordon make a witness available to be deposed on only two business days' notice.[4] There is no legitimate reason why discovery is necessary on the Chapter 11 Trustee Motions—which have been pending since November 2019—on little to no notice.

The Subpoenas (defined below) appear to have been precipitated by and in retaliation for counsel for AG Energy attending depositions of certain of the Debtors' representatives on January 9, 2020. Counsel for AG Energy attended and observed, but did not participate in, these depositions.[5] Debtors' counsel advised counsel for AG Energy that it was not appropriate for him to be attending the deposition since AG Energy had not joined in the Chapter 11 Trustee Motions. After allowing AG Energy's counsel to remain, Debtors' counsel advised AG Energy's counsel that discovery would be served on AG Energy. Only a few hours into the depositions, the Debtors hastily filed (and later withdrew) two notices of intent to serve a subpoena seeking the production of documents from Angelo Gordon. *See* Exs. 4–5, 7. Later on January 9, 2020, the Debtors filed (i) another notice of intent to serve a subpoena seeking the production of documents upon Angelo Gordon, (*see* Ex. 6) (the "Document Subpoena", and together with the Deposition Subpoena, the "Subpoenas"), this time attaching requests for production, and (ii) the Deposition Subpoena. Notably, and as discussed further below, the deposition topics set forth in the Deposition Subpoena were largely identical to the deposition topics and document requests served on Riverstone. The Document Subpoena demanded the

---

[4] While not the subject of this Motion, as discussed below, the Debtors also served a document subpoena on Angelo Gordon on January 10, 2020, demanding the production of broad categories of irrelevant documents on the very next business day, January 13, 2020.

[5] Counsel for AG Energy were not the only attorneys who attended these depositions. Counsel for the United States Trustee and a lender to MDC also attended.

production of documents on January 13, 2020, and the Deposition Subpoena called for a representative of Angelo Gordon to be deposed on January 14, 2020. On January 10, 2020, the business day before documents were to be produced pursuant to the Document Subpoena and two business days prior to the demanded deposition of Angelo Gordon, the Debtors purported to serve the Document Subpoena and the Deposition Subpoena. *See* Ex. 8. No witness fee was tendered at the time of service (or any time since). *See id*. The timing of the of the Subpoenas, as well as the hasty nature of their preparation and filing, demonstrate the lack of a legitimate basis for such requests. Instead, the Subpoenas are being employed as a means to harass non-party Angelo Gordon and are wholly inappropriate.

Given the foregoing, on January 10, 2020, counsel for Angelo Gordon sent a letter to Debtors' counsel (*see* Ex. 9) requesting a withdrawal of the deficient Subpoenas by Sunday, January 12, 2020, at 12:00 p.m., reserving all rights, including moving to quash and seeking the Court to order the reimbursement of costs (including counsel fees) incurred. In subsequent communications following this letter, the parties reached an impasse, and the Subpoenas were not withdrawn as of the proposed deadline or as of the filing of this memorandum.

## ARGUMENT

### A. The Deposition Subpoena is Facially Defective and Must Be Quashed

#### 1. The Deposition Subpoena Demands the Production of a Witness More Than 100 Miles from Where Angelo Gordon Resides

Federal Rule of Civil Procedure 45 governs the issuance of non-party subpoenas in federal court. Under Federal Rule of Civil Procedure 45(c)(1)(A), a subpoena may command a person to appear for a deposition only "within 100 miles of where the person resides, is employed, or regularly transacts business." Fed. R. Civ. P. 45(c)(1)(A). The Deposition Subpoena disregards this limitation and purports to require a representative of Angelo Gordon,

5

which is located in New York, New York, to appear for a deposition in Wilmington, Delaware. It is over 100 miles from New York to Wilmington. Rule 45 further provides that a subpoena must be quashed if it "requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii); *see also Usov v. Lazar*, 2014 WL 4354691, at \*16 (S.D.N.Y. Sept. 2, 2014) (same); *Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.*, 2015 WL 728463, at \*4 (S.D.N.Y. Feb. 19, 2015) ("the plain language of Rule 45(c) indicates that the court cannot compel a witness—as an individual or as a corporate representative—to travel more than 100 miles from a place of residence, employment, or regular business to testify at a deposition").

### 2. The Debtors Failed to Tender Witness Fees When Serving the Deposition Subpoena

When a subpoena commands a person's attendance, Federal Rule of Civil Procedure 45(b)(1) requires that the party serving the subpoena must "tender[] fees for 1 day's attendance and the mileage allowed by law." *Id.* Despite this clear requirement, there is no evidence that Debtors' counsel tendered any witness fees. Angelo Gordon has not received any check or fee associated with the Deposition Subpoena. Indeed, the proof of service does not reflect any such fee being served on Angelo Gordon. *See* Ex. 8. As a result, the Deposition Subpoena must be quashed. *See Icon Compliance Servs., LLC v. Port Auth. of New York & New Jersey*, 2015 WL 783377, at \*2 (S.D.N.Y. Feb. 24, 2015) (granting motion to quash, finding the subpoena "invalid on the ground that the plaintiffs failed to tender the appropriate fees, as required by Rule 45(b)(1) [when more than 100 miles travel is required].").

### 3. The Deposition Subpoena Fails to Allow a Reasonable Time to Comply

Federal Rule of Civil Procedure 45(d)(3)(A)(i) provides that a subpoena must be quashed if it "fails to allow a reasonable time to comply." *Id.* The Deposition Subpoena's demand that

6

Angelo Gordon only have two business days to comply—to prepare and produce a witness to testify on egregiously broad and irrelevant topics—is patently unreasonable. While the Federal Rules do not specify a time that is "reasonable", it is generally understood that time periods less than 14 days are unreasonable. *See also In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, 2010 WL 2219343, at *5 (E.D.N.Y. Feb. 5, 2010) ("[a]lthough Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable in light of the language of Rule 45(c)(2)(B)"); *Brown v. Hendler*, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (quashing subpoena that allowed "nine days to comply" as not being a "reasonable time to comply with the subpoena").

Further, this is not a situation where such an aggressive timeframe is warranted. The Debtors have long been aware of AG Energy's role under the Credit Agreement and in relation to the Chapter 11 Cases and were therefore in a position to serve discovery on AG Energy concurrently with the other discovery requests that were served on Riverstone and others. This is made even more apparent by the fact that the Debtors served substantially identical request on Angelo Gordon, *i.e.*, requests that in no way reflect that any new or material information concerning Angelo Gordon or AG Energy prompted the Deposition Subpoena. There has not been any discussion or Angelo Gordon or AG Energy in the depositions. Debtors' self-created exigency cannot be a justification to fail to give Angelo Gordon reasonable time to comply under the Deposition Subpoena.

### 4. The Deposition Subpoena is Directed to the Incorrect Party

The Deposition Subpoena demands that a witness appear on behalf of Angelo Gordon. Angelo Gordon is not a creditor of the Debtors and has not otherwise been involved in the Chapter 11 Cases. As set forth above, an affiliate of movant Angelo Gordon—AG Energy—is

7

one of several lenders under the Credit Agreement. Other than the fact that AG Energy is a lender under the Credit Agreement, Angelo Gordon has no involvement in the Chapter 11 Cases. For this reason as well, the Deposition Subpoena should be quashed.

### 5. The Debtors will Suffer no Prejudice from the Deposition Subpoena Being Quashed

Neither Riverstone nor Natixis (nor any other party that Angelo Gordon is aware of) has any intention to call Angelo Gordon (or AG Energy) to testify, or otherwise submit evidence, in connection with the Chapter 11 Trustee Motions. In addition, neither Angelo Gordon nor AG Energy intend to offer any documents or present or examine any witnesses at the trial on the Chapter 11 Trustee Motions. Thus, the Debtors suffer no prejudice from not examining an Angelo Gordon witness.

### B. The Deposition Subpoena is Unduly Burdensome and Should be Quashed

Federal Rule of Civil Procedure 45(d)(1) explicitly provides that: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id*. It is clear here that Debtors' counsel took no steps to try to avoid imposing undue burden or expense on Angelo Gordon. To the contrary, it appears that Debtors' desire was to harass Angelo Gordon by the issuance of overbroad, cumulative and irrelevant Subpoenas. Consequently, the Deposition Subpoena should be quashed. *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69-70 (2d Cir. 2003) ("[A]lthough a party seeking a deposition need not demonstrate the propriety of its request, judges may prevent the proposed deposition when the facts and circumstances are such that it creates an inappropriate burden or hardship.").

As an initial matter, the Deposition Subpoena is cumulative in that it seeks information no different than that already sought from Riverstone, as set forth in the proposed topics for that

8

deposition. *See* Ex. 3. Since any deposition of Angelo Gordon on largely the same topics as those propounded to AG Energy's Riverstone, as Agent under the Term Loan Credit Agreement, is likely to be entirely cumulative, the Deposition Subpoena should be quashed. *See In re Blackstone Partners, L.P.*, 2005 WL 1560505, *1 (S.D.N.Y. July 1, 2005) (affirming bankruptcy court's quashing of subpoenas demanding depositions that were "likely [to] be 'duplicative and cumulative since the [subpoenaing party] has acquired sufficient relevant facts from key players'" (citation omitted)).

Moreover, the Deposition Subpoena does not seek any information that would be relevant to the pending Chapter 11 Trustee Motions, which, as required by section 1104(a) of the Bankruptcy Code, focus on the conduct of the Debtors' management and not on the conduct of the Debtors' prepetition lenders. Under Federal Rule of Civil Procedure 26(b)(1), parties may "obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and *proportional* to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden of expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (emphasis added). Although relevance is construed broadly, "[d]isclosure should not be directed simply to permit a fishing expedition." *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974). *See also Tottenham v. Trans World Gaming Corp.*, No. 00 Civ. 7679, 2002 WL 1967023 (S.D.N.Y. June 21, 2002) ("Discovery . . . is not intended to be a fishing expedition. . ."). As exemplified by the first topic on which deposition testimony is sought—"The above-

9

captioned bankruptcy"—the Debtors have not even attempted to reasonably limit the topics of inquiry under the Deposition Subpoena. *See* Ex. 1.[6]

The Debtors have failed to articulate any legitimate basis for seeking discovery from Angelo Gordon, and, as discussed above, have only sought information that is purely cumulative of what it has already received (or soon will receive) from Riverstone.[7] In addition, Angelo Gordon does not intend to offer any documents or present or examine any witnesses at the trial on the Chapter 11 Trustee Motions. Thus, the only reason Angelo Gordon can discern for the requests is to retaliate against AG Energy for observing depositions related to the Chapter 11 Trustee Motions. This is not a sufficient basis for a non-party deposition subpoena, is not permissible under the Federal Rules and should not be permitted here. *See, e.g. Jones v. Hirschfeld*, 219 F.R.D. 71, 78 (S.D.N.Y. 2003) (In "the absence of any basis for believing [the proposed deponent] has non-privileged information regarding any relevant matter, [the proposed deponent] has demonstrated that it would constitute an 'undue burden' for him to be compelled to testify.").

### C. Cost-Shifting is Appropriate under these Circumstances and Should be Granted

Rule 45(d)(1) provides that, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to *avoid imposing undue burden or expense on a person subject to the subpoena*. The court for the district where compliance is required must enforce

---

[6] The fourth topic of inquiry—"Angelo Gordon's communications with MTE or MDC"—is equally egregious in light of the fact that it is MTE and MDC (the Debtors) seeking this deposition testimony. *See* Ex. 1. There is no legitimate reason that a representative of Angelo Gordon should be made to testify about communications that the Debtors themselves participated in. Similarly, many of the requests for production of documents set forth in the Document Subpoena seek documents that by their very nature should already be in the possession, custody and/or control of the Debtors or their counsel. For example, the Document Subpoena also seeks from Angelo Gordon "All communications with MTE or MDC." See Ex. 6, Request No. 1.

[7] The Debtors have been in receipt of Riverstone's complete document production since January 3, 2020, and have not identified any document produced in discovery that suggests Angelo Gordon has material information relevant to the Chapter 11 Trustee Motions that would justify the broad deposition sought in the Deposition Subpoena.

this duty *and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply*." Fed. R. Civ. P. 45(d)(1) (emphasis added). As discussed above, the Deposition Subpoena imposes an undue burden on Angelo Gordon—a non-party in the Chapter 11 Cases—in direct contravention of Federal Rule of Civil Procedure 45. Courts in and out of this district have routinely ordered Rule 45 sanctions for imposing an undue burden on non-parties subject to subpoenas. *See Night Hawk Ltd. v. Briarpatch Ltd.*, L.P., 2003 WL 23018833, *8–9 (S.D.N.Y. Dec. 23, 2003) (awarding fees and imposing sanctions under Rule 45 after quashing a subpoena directed at a non-party and noting "the status of a witness as a non-party to the underlying litigation 'entitles [the witness] to consideration regarding expense and inconvenience'"); *see also Molefi v. Oppenheimer Trust*, 2007 WL 538547, *3 (E.D.N.Y. Feb. 15, 2007) (finding that non-party being forced to "expend time and money contesting a patently frivolous and procedurally flawed subpoena" represents an undue burden that will support sanctions under 45(d) in the absence of reasonable steps to avoid such a burden; finding no such reasonable steps where the "subpoena bears the markings of a hastily arranged affair" and where the issuer was an experienced litigator who should have known of the subpoena's obvious deficiencies); *Precourt v. Fairbank Reconstruction Corp.*, 2011 WL 1753985 *10-11 (D.S.D. May 5, 2011) (awarding attorneys' fees when a non-party had to hire counsel to bring a motion to quash after the discovery-seeking party refused to withdraw its procedurally defective subpoenas). Thus, Angelo Gordon is entitled, pursuant to Federal Rule of Civil Procedure 45(d)(1) to the reimbursement of their expenses, including reasonable attorneys' fees, incurred in prosecuting this Motion.

## **CONCLUSION**

For all of the above reasons, Angelo Gordon respectfully request that this Court quash the Debtors' Deposition Subpoena served on Angelo Gordon pursuant to Fed. R Civ. P. 45(d), order

the reimbursement of Angelo Gordon's costs, including counsel fees, incurred in relation to this Motion, and provide any other relief that the Court deems just and proper.

Dated:  January 13, 2020            Respectfully submitted,

*/s/ Laura W. Sawyer*
Laura W. Sawyer
Genna L. Ghaul
Furqaan Siddiqui
JONES DAY
250 Vesey Street
New York, New York  10281
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

*Attorneys for Angelo, Gordon & Co., L.P.*
