UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Angelo, Gordon & Co., L.P.,

                Movant,

-against-

MTE Holdings, LLC, et al.

                Respondent.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/2020
```

20 Misc. 23

**ORDER**

ANALISA TORRES, District Judge:

    Before the Court is a motion brought by Angelo, Gordon & Co., L.P. ("Angelo Gordon") to quash a subpoena, pursuant to Rule 45 of the Federal Rules of Civil Procedure. ECF No. 1. Angelo Gordon seeks an order quashing a deposition subpoena issued in connection with an action pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court")., by MTE Holdings LLC and affiliate debtors ("Debtors"), the plaintiffs in the underlying litigation. Angelo Gordon Mem. at 1–2, 4, ECF No. 2. Angelo Gordon also seeks attorney's fees and costs incurred in contesting the subpoena. *Id.* at 2. For the reasons stated below, the motion to quash and for attorney's fees is GRANTED.

## BACKGROUND

    On October 22, 23, and November 8, 2019, each of the seven Debtors commenced cases under Chapter 11 of the Bankruptcy Code, which the Bankruptcy Court is jointly administering. Angelo Gordon Mem. at 2; *see In re MTE Holdings LLC*, No. 19-12269 (Bankr. D. Del. Nov. 8, 2019), ECF No. 45 ¶ 8, ECF No. 95 at 1-2. Angelo Gordon is not a creditor of Debtors, and is not a party to the bankruptcy actions, but is an affiliate of AG Energy Funding, LLC ("AG Energy"). AG Energy, in turn, is a creditor of Debtors under a term loan credit agreement,[1] for

---

[1] "A term loan is a loan from a bank for a specific amount that has a specified repayment schedule and either a fixed or floating interest rate." Troy Segal, *Term Loan Definition*, Investopedia (Mar. 16, 2020), https://www.investopedia.com/terms/t/termloan.asp.

which Riverstone Credit Management LLC ("Riverstone") serves as an administrative agent. Siddiqui Decl. ¶ 3, ECF No. 5.

In November 2019, a number of stakeholders, including Riverstone, filed motions for the appointment of a Chapter 11 trustee. ECF Nos. 5-10, 5-11. The Bankruptcy Court scheduled a hearing on those motions for January 17, 2020. *In re MTE Holdings LLC*, No. 19-12269 (Bankr. D. Del. Dec. 18, 2019), ECF No. 308; *id.* (Bankr. D. Del. Dec. 19, 2019), ECF No. 322. On January 9, 2020, Debtors filed notices of intent to serve Angelo Gordon with a subpoena requiring a representative to testify at a deposition (the "Deposition Subpoena"), and a subpoena for documents (the "Document Subpoena"). *See* Deposition Subpoena, ECF No. 5-1; Document Subpoena, ECF No. 5-6. The Deposition Subpoena required a representative of Angelo Gordon to sit for a deposition at the offices of Debtors' counsel in Wilmington, Delaware, on January 14, 2020. Deposition Subpoena at 4. The Document Subpoena required Angelo Gordon to produce by January 13, 2020 communications and records related to Debtors and Riverstone. Document Subpoena at 3, 17–18.

On January 10, 2020, Debtors served the subpoenas on Angelo Gordon. Proof of Service, ECF No. 5-8. That same day, Angelo Gordon's counsel sent a letter to Debtors' counsel claiming that the subpoenas were defective, and demanding their withdrawal. Sawyer Letter, ECF No. 5-9. Debtors did not withdraw the subpoenas. Debtors also failed to file a response brief by February 4, 2020 and the February 14, 2020 extension as ordered by this Court. ECF No. 8.

**DISCUSSION**

I.   <u>Legal Standards</u>

Rule 45(d)(3) of the Federal Rules of Civil Procedure provides that on "on timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); . . . or, (iv) subjects a person to undue burden." Fed. R. Civ. Proc. 45(d)(3)(A). Rule 45(c), in turn, provides in relevant part that "a subpoena may command a person to attend a trial, hearing, or deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1).

On a motion to quash, "the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Shaw v. Arena*, No. 17 Misc. 448, 2018 WL 324896, at *1 (S.D.N.Y. Jan. 3, 2018) (internal quotation marks, citation, and alteration omitted). Upon establishing relevance, "the movant bears the burden of demonstrating an undue burden." *Griffith v. United States*, No. M8-85, 2007 WL 1222586, at *2 (S.D.N.Y. Apr. 25, 2007).

In determining whether a subpoena subjects a witness to undue burden, a court must balance "the interests served by demanding compliance with the subpoena against the interests furthered by quashing it; this process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source." *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009).

Finally, Rule 45(d)(1) provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a

person subject to the subpoena.  The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. Proc. 45(d)(1).

II.   Analysis

A.  Procedural Deficiencies

The Court concludes that the Deposition Subpoena is facially defective on at least two grounds—the time provided to comply and the lack of requisite witness fees—and, therefore, must be quashed.

First, although Rule 45 does not define a "reasonable time to comply," courts in this circuit have found fourteen days to be "presumptively reasonable," whereas notice of a week or less has generally been considered unreasonable.  *Brown v. Hendler*, No. 09 Civ. 4486, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (collecting cases); *see also, e.g.*, *Arch Ins. Co. v. Centerplan Constr. Co., LLC*, No. 3:16 Civ. 1891, 2017 WL 4998645, at *1 (D. Conn. Nov. 2, 2017) ("Courts within this circuit have ruled the service of a subpoena five to nine days in advance of a hearing is not reasonable time to comply." (internal quotation marks and citation omitted)).  Here, Debtors served the Deposition Subpoena on Angelo Gordon on January 10, 2020, with an appearance date of January 14, 2020.  *See* Deposition Subpoena at 3; Proof of Service.  Four days' notice did not afford Angelo Gordon a reasonable time to comply.

Second, Rule 45 states that a subpoena must be accompanied by "fees for 1 day's attendance." Fed. R. Civ. Proc. 45(b)(1).  "This requirement is strictly enforced," and "courts in this [d]istrict as well as this [c]ircuit have deemed subpoenas invalid and granted motions to quash where a party failed to tender a witness fee with service of the subpoena." *KOS Bldg.*

4

*Grp., LLC v. R.S. Granoff Architects, P.C.*, No. 19 Civ. 2918, 2020 WL 1989487, at *3 (S.D.N.Y. Apr. 24, 2020). Angelo Gordon asserts that Debtors failed to provide witness fees, and the proof of service does not indicate such fees were tendered. *See* Angelo Gordon Mem. at 6; Proof of Service.

      B. Undue Burden

In addition to the Deposition Subpoena's procedural faults, the Court concludes that it is unnecessary, duplicative, and seeks information readily available from other sources and, as a result, should be quashed as unduly burdensome on Angelo Gordon. The "process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source." *Aristocrat*, 262 F.R.D. at 300. The topics designated in the Deposition Subpoena are substantially similar to the topics in the subpoena for Riverstone. *Compare* Deposition Subpoena at 16–18, *with* ECF No. 5-3 at 11–12. The topics include Angelo Gordon's communications with Riverstone, MTE Holdings LLC, and Natixis, all parties already involved in the underlying action. *See* Deposition Subpoena at 16–18. As the issuer of the subpoena, MTE Holdings LLC would be seeking information about communications involving itself, making the subpoena at least partially redundant and the information sought readily available from other sources. *Id.* at 17.

In addition, Debtors' need to obtain the information urgently is low compared to its potential value. Debtors had ample time to properly serve Angelo Gordon along with other parties, such as Riverstone, but instead chose to do so only days before the hearing. *See* Deposition Subpoena at 5; ECF No. 5-3 at 2-3. Further, Debtors also failed to file a response brief to the motion to quash by February 4, 2020, even with an extension by this Court to February 14, 2020. ECF No. 8. Accordingly, the Court has been presented with no justification

for such a far-reaching demand on such short notice.  The Court concludes, therefore, that the information the Deposition Subpoena seeks is unnecessary, duplicative, and readily available to Debtors without the need to subpoena Angelo Gordon.  *Id.*

    C.  Attorney's Fees

The Court finds reimbursement of attorney's fees appropriate here.  "Sanctions are properly imposed and attorney's fees are awarded where, as here, the party improperly issuing the subpoena refused to withdraw it, requiring the non-party to institute a motion to quash." *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03 Civ. 1382, 2003 WL 23018833, at *9 (S.D.N.Y. Dec. 23, 2003).  Here, Angelo Gordon's counsel informed Debtors' counsel of the deficiencies in the subpoena and requested its withdrawal without success.  Sawyer Letter.  Those flaws were patent:  it is obvious that four days is not a reasonable time to comply with a deposition subpoena, and Debtors had no excuse for waiting until the eleventh hour to seek deposition testimony.  *See Saint-Jean v. Emigrant Mortg. Co.*, No. 11 Civ. 2122, 2015 WL 13735434, at *5 (E.D.N.Y. Oct. 7, 2015) ("Even if the Subpoenas might arguably have produced some new information relevant to Emigrant's statute of limitations defense, Emigrant and its counsel could have sought such information earlier in the discovery process, rather than one week before the close of discovery.").  Indeed, in changing the notice requirement of Rule 45 from ten days to fourteen days, the intent of the 1991 advisory committee was to allow parties more time to object to such subpoenas, .  *See In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31*, No. 08 Misc. 347, 2010 WL 2219343, at *5 (E.D.N.Y. Feb. 5, 2010), *report and recommendation adopted in part*, 2010 WL 1686811 (E.D.N.Y. Apr. 26, 2010).

When deciding whether sanctions should be imposed, the court must determine whether the "subpoena imposed an undue burden," and, if so, what "reasonable steps" the issuing party

6

took to "avoid imposing such a burden." *Molefi v. Oppenheimer Tr.*, No. 03 Civ. 5631, 2007 WL 538547, at *2 (E.D.N.Y. Feb. 15, 2007).  As the Court has explained, the burden created by the subpoena was significant.  And Debtors did not demonstrate any measures taken to mitigate the burden on Angelo Gordon.  They failed to provide the acceptable fourteen days to respond, or mandatory witness fees, and took no steps to modify the subpoena upon notice of its deficiencies.  Deposition Subpoena at 5–6.  Moreover, Debtors caused Angelo Gordon to bring the instant motion because of Debtors' refusal to withdraw, and then failed to file a response brief to justify the subpoena.  *See Molefi*, 2007 WL 538547, at *3 ("When a subpoena should not have been issued, literally everything done in response to it constitutes undue burden or expense within the meaning of [Rule] 45(c)(1)." (internal quotation marks and citation omitted)).  Because Debtors have needlessly wasted Angelo Gordon's and the Court's resources in resolving this motion, Angelo Gordon is entitled to reimbursement of expenses, including reasonable attorney's fees, incurred in pursuing the motion.

## CONCLUSION

Accordingly, Angelo Gordon's motion to quash the Deposition Subpoena and for attorney's fees is GRANTED.  It is ORDERED that by **August 27, 2020**, Angelo Gordon may file contemporaneous billing records and other documented expenses in support of an award of fees and costs under Rule 45(d)(1).  By **September 10, 2020**, Debtors shall file any opposition.

The Clerk of Court is directed to terminate the motion at ECF No. 1.

SO ORDERED.

Dated: August 13, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge