```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
Angelo, Gordon & Co., L.P.,

                      Movant,

-against-

MTE Holdings, LLC, et al.

                      Respondent.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/12/2021
```

20 Misc. 23

**ORDER**

ANALISA TORRES, District Judge:

Before the Court is a motion by Movant, Angelo, Gordon & Co., L.P. ("Angelo Gordon"), for reimbursement of attorney's fees and expenses. For the reasons stated below, the motion is GRANTED in part and DENIED in part.

## BACKGROUND

On January 9, 2020, in connection with cases pending in the United States Bankruptcy Court for the District of Delaware which were brought by MTE Holdings LLC and affiliate debtors ("Debtors") against a creditor of Angelo Gordon's affiliate, Debtors served Angelo Gordon with notices of intent to serve it with a subpoena requiring a representative to testify at a deposition, and a subpoena for documents. *See* ECF Nos. 5 ¶ 3; 5-1; 5-6. On January 10, 2020, Debtors served the subpoenas on Angelo Gordon. ECF No. 5-8. That same day, Angelo Gordon's counsel sent a letter to Debtors' attorney claiming that the subpoenas were defective, and demanding their withdrawal. ECF No. 5-9. Debtors did not withdraw the subpoenas.

On January 13, 2020, Angelo Gordon filed a motion to quash the subpoenas in this Court. ECF No. 1. Debtors failed to file a response brief by the February 4, 2020 deadline, ECF No. 6, or the February 14, 2020 extension as ordered by this Court, ECF No. 8. On August 13, 2020, this Court granted Angelo Gordon's motion to quash and for reasonable attorney's fees. *Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, No. 20 Misc. 23, 2020 WL 4700910, at *4

(S.D.N.Y. Aug. 13, 2020). The Court ordered Angelo Gordon to file contemporaneous billing records and other expenses in support of an award for fees and costs by August 27, 2020, and Debtors to file any opposition to Angelo Gordon by September 10, 2020. *Id.* Angelo Gordon filed their motion and records on August 27, 2020. ECF Nos. 10–11. Respondent has not filed opposition papers.

## DISCUSSION

I. <u>Legal Standard</u>

Federal Rule of Civil Procedure 45(d)(1) requires courts to impose a sanction of "reasonable attorney's fees" where the party or attorney issuing a subpoena failed to take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 4f(d)(1). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Dancy v. McGinley*, 141 F. Supp. 3d 231, 235 (S.D.N.Y. 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) (alteration omitted). A court's calculation of "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks and citation omitted). "The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). In calculating that rate, the court must "bear in mind all of the case-specific variables . . . relevant to the reasonableness of attorney's fees." *Id*. These include:

> the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time

>limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id*. at 186 n.3; *see id*. at 191.  There is a presumption that "a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally," and so in ordinary circumstances courts may rely on typical fees within the district as a measure of reasonableness.  *Id*. at 191.

In determining the number of hours reasonably expended, courts must consider both "contemporaneous time records specifying, for each attorney, the date, hours expended, and nature of the work done," *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2011) (internal quotation marks, citation, and alterations omitted), as well as "its own familiarity with the case and . . . its experience generally as well as . . . the evidentiary submissions and arguments of the parties," *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992) (internal quotation marks and citation omitted).  Courts may reduce the fee award requested in some circumstances, such as when plaintiffs submit deficient or incomplete billing records, *see Hensley*, 461 U.S. at 437 n.12, or in order to exclude "excessive, redundant, or otherwise unnecessary hours," *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

Once the lodestar is calculated, it may be adjusted only "when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Millea*, 658 F.3d at 167 (internal quotation marks and citation omitted).  The Second Circuit has instructed, however, that "such adjustments are appropriate only in rare circumstances," and "a court may not adjust the lodestar based on factors already included in the lodestar calculation itself," but rather "only by factors relevant to the determination of reasonable attorneys' fees that

3

were not already considered in the initial lodestar calculation." *Id*. (internal quotation marks and citation omitted).

II.     Reasonable Hourly Rate

Angelo Gordon was represented by the law firm of Jones Day and the legal team assigned to this case consisted of eight individuals. Angelo Gordon does not provide information about this team outside of their billing records, where the timekeepers are listed with their first or first and middle initials and their last name. *See* Ghaul Decl., ECF No. 11; Billing Records, ECF No. 11-1. After examining filings in this case and Jones Day's website, the Court has identified six of these individuals as partners Lee Armstrong, Charles Bensinger, Joshua Mester, and Laura Sawyer, and associates Genna Ghaul and Furqaan Siddiqui. *See* ECF Nos. 1, 5, 11; *Joshua M. Mester*, Jones Day, https://www.jonesday.com/en/lawyers/m/joshua-mester (last visited April 12, 2021); *Charles N. Bensinger III*, Jones Day, https://www.jonesday.com/en/lawyers/b/charles-bensinger (last visited April 12, 2021); *Lee A. Armstrong*, Jones Day, https://www.jonesday.com/en/lawyers/a/lee-armstrong (last visited Apr. 12, 2021). The Court has not identified the billers "M. Telegan" and "M. Melvin," though it deduces that they may be the paralegals or other support staff referenced in Angelo Gordon's declaration. *See* Ghaul Decl. ¶ 12.

Angelo Gordon requests hourly rates of between $1,175 to $1,350 for the Jones Day partners. ECF No. 11-1. These rates, though on the higher end, are comparable to rates awarded in this jurisdiction for firms in the "the New York City 'big firm' market." *See, e.g.*, *Vista Outdoor Inc. v. Reeves Family Tr.*, No. 16 Civ. 5766, 2018 WL 3104631, at *6 (S.D.N.Y. May 24, 2018) (awarding fees of $1,170 to $1,260 for partners at Gibson, Dunn & Crutcher, LLP); *In re Relativity Fashion*, *LLC*, No. 15 Br. 11989, 565 B.R. 50, 70 (Bankr. S.D.N.Y. 2017), *and In*

*re Relativity Fashion*, *LLC*, No. 15 Br. 11989 (Bankr. S.D.N.Y. June 10, 2016), ECF No 1965 (awarding hourly rates of up to $1,225 for Jones Day partners).  Moreover, "the best evidence of the reasonableness of the 'market' value of a particular law firm's services (and therefore the reasonableness of its fees) are the fees that the law firm normally charges its clients in other matters."  *In re Relativity Fashion*, 565 B.R. at 70.  These rates are "the same or similar to those paid by Jones Day's other clients."  Ghaul Decl. ¶ 11.  Accordingly, the Court finds the rates for the partners reasonable.

For the associates, Angelo Gordon requests hourly rates of $875 for Genna Ghaul, who graduated from Columbia Law School in 2013, and $625 for Furqaan Siddiqui, who graduated from the University of California, Los Angeles School of Law in 2017.  *See* Billing Records; *Genna Ghaul*, Jones Day, https://www.jonesday.com/en/lawyers/g/genna-ghaul (last visited Apr. 12, 2021); *Furqaan Siddiqui*, Weil, Gotshal & Manges LLP, https://www.weil.com/people/furqaan-siddiqui (last visited Apr. 12, 2021).  Courts in this district have found hourly rates of $753 on the "upper limit" of rates award for associates in this district, even those at firms comparable to Jones Day.  *Visa Outdoor Inc.*, 2018 WL 3104631, at *7 (awarding hourly rate of up to $626 for a fifth-year associate).  In general, courts decline to award hourly rates of over $650 for associates.  *See In re Relativity Fashion*, 565 B.R. at 70, *and In re Relativity Fashion*, No. 15 Br. 11989, ECF No. 1965 (awarding hourly rates of up to $650 for Jones Day associates); *Kortright Cap. Partners LP v. Investcorp Inv. Advisers Ltd.*, 392 F. Supp. 3d 382, 407–08 (S.D.N.Y. 2019), *appeal withdrawn*, No. 19-2836, 2019 WL 6652238 (2d Cir. Sept. 23, 2019) (concluding an hourly rate of $650, rather than the requested range of $555 to $980, was reasonable where plaintiff "fail[ed] to submit any evidence relating to these attorneys' legal experience and skill that would allow this [c]ourt to ascertain the prevailing

5

market rates for similar services"). Accordingly, the Court will apply an hourly rate of $650 for Ghaul and $625 for Siddiqui.

Finally, Angelo Gordon requests hourly rates of $400 and $550 for Melvin and Telegan, respectively, who the Court deduces are paralegals and legal support staff. Billing Records; Ghaul Decl. ¶ 12. Angelo Gordon does not provide any information regarding these individuals, and, therefore, the Court infers that they do not have paralegal or law school experience. *Balestriere PLLC v. CMA Trading, Inc.*, No. 11 Civ. 9459, 2014 WL 7404068, at *9 (S.D.N.Y. Dec. 31, 2014); *Carrington v. Graden*, No. 18 Civ. 4609, 2020 WL 5758916, at *15 (S.D.N.Y. Sept. 28, 2020) ("Courts have chosen to reduce hourly rates for paralegals when no information was provided as to their experience and expertise."). Moreover, the requested rates are significantly higher than those generally awarded in this district, which range from $100 to $200. *See Visa Outdoor Inc.*, 2018 WL 3104631, at *7 (awarding an hourly rate of $150 for paralegals as opposed to the requested $390–$500); *Carrington*, 2020 WL 5758916, at *15 (awarding $180 for a paralegal where no information was provided regarding his experience); *Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc.*, No. 04 Civ. 3531, 2020 WL 91504, at *3 (S.D.N.Y. Jan. 8, 2020), *reconsideration denied*, No. 04 Civ. 3531, 2020 WL 3056450 (S.D.N.Y. June 9, 2020) (awarding hourly rates between $141.35 and $205.42 for paralegals and non-legal personnel). The Court will, accordingly, apply an hourly rate of $180 for Melvin and Telegan.

### III. Reasonable Hours Worked

Angelo Gordon submits the following hours worked: Armstrong, 0.75 hours; Bensinger, 0.25 hours; Mester, 7 hours; Sawyer, 8.25 hours; Ghaul, 18.25 hours; Siddiqui, 25.85; Melvin, 3.5 hours; and Telegan, 4.5 hours. ECF No. 11-1. The Court has reviewed Angelo Gordon's attorneys' time records and finds the documentation of each timekeepers' hours adequate and the

time spent reasonable, and Debtors do not contest the issue. *Ramos v. Greenwich Catering Corp.*, No. 18 Civ. 4790, 2020 WL 833071, at *2 (S.D.N.Y. Feb. 20, 2020) (reviewing the invoices submitted in an unopposed motion for attorney's fees invoices before approving the hours as reasonable). However, in Mester's January 11, 2020 time entry, he includes time for "communicate with P. Sivin regarding discovery and settlement[;] review settlement stipulation, discovery, and communicate with G. Ghaul and others regarding same," which comprise two of the 3.25 hours billed in that entry. ECF No. 11-1. Angelo Gordon does not mention a settlement in connection with this action, nor does it provide information concerning the role of "P. Sivin." Angelo Gordon indicates that, "[c]ertain time entries included work on matters in addition to work in relation to the [d]eposition [s]ubpoena and [m]otion to [q]uash," but, "only the time estimated to have been spent on matters in relation to the [d]eposition [s]ubpoena and [m]otion to [q]uash is included." ECF No. 11 at 2 n.1. The Court concludes, therefore, that the inclusion of this time is in error, and counts that entry as only 1.25 hours, reducing Mester's hours to five.

IV.  Calculation of Fees

Based on the findings above, the fees owed to Angelo Gordon are calculated as follows. Armstrong is credited with 0.75 hours at a rate of $1,250 per hour, for an award of $937.50. Bensinger is credited with 0.25 hours at a rate of $1,225 per hour, for an award of $306.25. Mester is credited with 5 hours at a rate of $1,350 per hour, for an award of $6,750. Sawyer is credited with 8.25 hours at a rate of $1,175, for an award of $9,693.75. Ghaul is credited with 18.25 hours at a rate of $650 per hour, for an award of $11,862.50. Siddiqui is credited with 25.85 hours at a rate of $625 per hour, for an award of $16,156.25. Melvin is credited with 3.5 hours at a rate of $180 per hour, for an award of $630. Telegan is credited with 4.5 hours at a rate of $180 per hour, for an award of $810. Thus, the total lodestar amount equals $47,146.25.

The Court also concludes that this is not one of the "rare circumstances" in which the lodestar amount "does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Millea*, 658 F.3d at 167 (internal quotation marks and citation omitted).

Accordingly, Angelo Gordon is awarded $47,146.25 in attorney's fees.

V.   Costs

Angelo Gordon also seeks $154.24 in litigation expenses.  ECF No. 11-2.  Such expenses must be supported by documentation.  *Sevilla v. Nekasa Inc.*, No. 16 Civ. 2368, 2017 WL 1185572, at *8 (S.D.N.Y. Mar. 30, 2017) (collecting cases).  Angelo Gordon has provided reasonable documentation to support $154.24 in mailing and service fees, and Debtors do not object to these costs.  *See Darby v. Sterling Home Care, Inc.*, No. 17 Civ. 5370, 2020 WL 29932, at *4 (S.D.N.Y. Jan. 2, 2020) (concluding service fees and mailing documents constituted "reasonable out-of-pocket expenses") (internal quotation marks and citation omitted).

Accordingly, Angelo Gordon is awarded $154.24 in litigation expenses.

## CONCLUSION

Angelo Gordon's motion for attorney's fees is GRANTED in part and DENIED in part. Angelo Gordon is awarded $47,146.25 in attorney's fees and $154.24 in litigation expenses, for a total award of $47,300.49.

SO ORDERED.

Dated: April 12, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge